MAPLE HEIGHTS (CITY), PLAINTIFF-APPELLANT, *v.* JARNELLI, DEFENDANT-APPELLEE.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26891. Decided November 12, 1964.

*Mr. Arthur T. Wincek* and *Mr. Joseph C. Domiano,* for plaintiff-appellant.

*Mr. Mark F. McChesney,* for defendant-appellee.

KovACHY, P. J. This is an appeal on questions of law from a judgment entered in the Garfield Heights Municipal Court.

The defendant, Tony Thomas Jarnelli, was arrested by the police of the City of Maple Heights, charged with operating a truck at 16230 Broadway Avenue with an overload of 3870 pounds on No. 2 axle in violation of Section 412.37 of Ordinance No. 1962-48 of the City of Maple Heights, and appeared for trial in the Garfield Heights Municipal Court.

The affidavit on which the prosecution was based reads as follows:

"THE STATE OF OHIO          )
CUYAHOGA COUNTY         )
CITY OF MAPLE HEIGHTS )

Before me, George Dellis, Clerk of the Garfield Heights Municipal Court, personally appeared Robert Kubec, No. 20, who being duly sworn according to law, deposes and says, that on or about the 31st day of October, 1963, at the City of Maple Heights, in said County and State, one Tony Thomas Jarnelli, 6717 Ridge Road, E. Sparta, Ohio, did then and there violate the provisions of Section 412.37 of Ordinance No. 1962-48, City of Maple Heights, Ohio, to wit: Tony Thomas Jarnelli did operate a 1959 GMC truck, License 11BN90 at 16230 Broadway, Maple Heights, Ohio, which truck was overwieght 3870 pounds on No. 2 axle as weighed on a portion of Broadway Avenue, a substantially level surface having a grade difference of .6 of 1% between the front and rear wheels of the truck and a grade difference of 1.25% between the right and left wheels of truck contrary to the good order, peace and dignity of the City of Maple Heights, Ohio, in violation of law, and further says not.

(Affiant) (Signed) ROBERT KUBEC

Sworn to and subscribed before me, this 22nd day of January, 1964.

George Dellis     Clerk

(Signed)     Martha Hazen Deputy Clerk"

The ordinance reads exactly the same as Section 4513.33,

Revised Code. The portions pertinent to the consideration here read as follows:

"Any police officer having reason to believe that the weight of a vehicle and its load is unlawful may require the driver of said vehicle to stop and submit to a weighing of it by means of a compact, self-contained, portable, sealed scale specially adapted to determining the wheel loads of vehicles on highways; * * *

"* * * During determination of weight by compact, self-contained, portable scales, they shall be used on level terrain of sufficient length and width to accommodate the entire vehicle being weighed.

"* * * *."

At the outset of the hearing in court and before entering a plea, the defendant moved to dismiss the affidavit on the ground that no offense was stated therein for the reason that the ordinance provides that the weighing of the vehicle be made "on level terrain of sufficient length and width to accommodate the entire vehicle being weighed," while the affidavit states that the weighing was "on a portion of Broadway Avenue, a substantially level surface having a grade difference of .6 of 1% between the front and rear wheels of the truck and a grade difference of 1.25% beween the right and left wheels of truck."

Testimony on the motion was permitted by the trial court. The city presented a qualified civil engineer to verify the grade differences set out in the affidavit with respect to the street on which the weighing was done. The witness also testified that all streets were constructed with gradient slopes, that 6/10ths of a percent is very close to the minimum slope of a street, that the slope from the center line to the curb on the street here involved was within the normal accepted standard for a crown of a street, that the place where the weighing was done was "as close to being level as any road can be," and that in his opinion, "the street was substantially level."

The trial court granted the motion to dismiss the affidavit, and since the plaintiff, City of Maple Heights, did not desire to plead further, discharged the defendant.

The plaintiff appeals to this court under authority of Section 2945.67, Revised Code. See: *City of Euclid* v. *MacGillis*, 117 Ohio App., 281, 179 N. E. (2d), 131.

The plaintiff-appellant claims that "the court erred in

granting the motion made by the defendant-appellee whereby it held that the affidavit charging the offense was insufficient in stating a crime."

The sole question before us is whether the statement in the affidavit, that the truck was "weighed on a portion of Broadway Avenue, a substantially level surface having a grade difference of .6 of 1% between the front and rear wheels of the truck and the grade difference of 1.25% between the right and left wheels of truck," comports with the requirement of the ordinance that the portable scale be used on "level terrain of sufficient length and width to accommodate the entire vehicle being weighed."

The record plainly discloses that streets are purposely laid out *not* to be level. Their surfaces by design have a grade difference lengthwise and a crown extending down its center with slopes toward the curbs. At the location where the truck was weighed, the gradient lengthwise was 6/10ths of a foot every 100 feet. The slope from the crown to the curb was 15/100ths of an inch per foot for a gradient of 1.25%.

Webster's New International Dictionary, Second Edition, defines "level" as follows:

"level, adj. 1) Having no part higher than any other; * * *. 2) Coinciding or parallel with the plane of the horizon; horizontal. * * * That is level which is without inclination."

Upon consideration of the meaning of the word "level" and the measurements as to grade differences of the street on which the weighing was done, the conclusion is inescapable, and we, therefore, hold that the affidavit sets out facts with respect to the terrain on which such weighing occurred which are not in conformity with a critical requirement of the ordinance, namely, that the scales be used on "level terrain" and that as a result, the affidavit is fatally defective and fails to charge a violation of Section 412.37 of Ordinance No. 1962-48 of the City of Maple Heights.

Accordingly, the judgment of the Municipal Court of Garfield Heights is affirmed.

Judgment affirmed. Exceptions. Order see journal.

CORRIGAN and WASSERMAN, JJ., concur.